| | |
|---|---|
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY<br><br>    InterPleader-Plaintiff<br><br>v.<br><br>WANDA FUNDERUD,<br>CHERI HARRISON as Executor of the Estate of John T. Funderud,<br>JOSHUA FUNDERUD,<br>JAMISON FUNDERUD, and<br>JORDAN FUNDERUD<br><br>    Defendants | **COMPLAINT IN INTERPLEADER** |

Now comes Plaintiff CONNECTICUT GENERAL LIFE INSURANCE COMPANY ("Connecticut General") and files its Complaint-in-Interpleader as follows:

**PARTIES**

1. Interpleader Plaintiff Connecticut General is a corporation organized under the laws of the State of Connecticut, with its principal place of business in Bloomfield, Connecticut.

2. Upon information and belief, Defendant Wanda Funderud is the surviving ex-wife of John T. Funderud ("the Decedent"), and is a citizen of the State of North Carolina, residing in Concord, North Carolina.

1

3. Upon information and belief, Defendant Cheri Harrison is the Executor of the Estate of the Decedent, and is a citizen of the State of North Carolina, residing in Mint Hill, North Carolina.

4. Upon information and belief, Defendant Joshua Funderud is the surviving adult son of the Decedent, and is a citizen of the State of North Carolina, residing in Mt. Pleasant, North Carolina.

5. Upon information and belief, Defendant Jamison Funderud is the surviving adult son of the Decedent, and is a citizen of the State of North Carolina, residing in Mt. Pleasant, North Carolina.

6. Upon information and belief, Defendant Jordan Funderud is the surviving adult son of the Decedent, and is a citizen of the State of North Carolina, residing in Charlotte, North Carolina.

## JURISDICTION AND VENUE

7. This is an Interpleader action brought pursuant to Fed. R. Civ. P. 22.

8. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) because (1) complete diversity of citizenship exists between Connecticut General and Defendants, and (2) the amount in controversy exceeds $75,000.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one of the Defendants resides in this district and all Defendants reside in this State.

## CAUSE OF ACTION IN INTERPLEADER

10.     The Decedent was an employee of Altria Group, Inc. ("Altria").

11.     Effective January 1, 1991, Connecticut General issued Group Flexible Premium Adjustable Life Insurance Policy No. 02-0316076 ("the Policy") to People's Bank, as Trustee of the Universal Life Insurance Trust for Philip Morris USA and Altria. A true and complete copy of the Policy is attached as Exhibit A.

12.     As an eligible employee of Altria, the Decedent had group universal life insurance coverage under the Policy in the amount of Six Hundred Seven Thousand Dollars and 00/100 ($607,000.00) ("the GUL benefits").

13.     Under the terms of the Policy, "[i]f an insured dies, [Connecticut General] will pay the Death Benefit in effect on the date of death . . . to the Insured's Beneficiary as soon as due proof of death is received by [Connecticut General] . . . . Each Owner may change the Beneficiary at any time . . . . Any amount of an Insured's Death Benefit for which there is no designated or surviving Beneficiary will be paid to the Owner or to the executors or administrators of the Owner's estate . . . ."

14.     When the Decedent enrolled for group universal life insurance coverage under the Policy, in an enrollment form dated October 25, 1996, the Decedent named Deborah Funderud, his wife at the time, 100% primary beneficiary of benefits payable under the Policy, and Defendants Joshua Funderud, Jamison Funderud, and Jordan Funderud 33 1/3 % contingent beneficiaries. A true and complete copy of the enrollment form is attached as Exhibit B.

3

15. In a hand-written letter dated August 9, 2011, the Decedent stated in part: "I would like to change my beneficiary from Deborah P. Funderud (ex wife since 2001) . . . . I need to add my wife: Wanda Kerley Funderud (wife) . . . ." A true and complete copy of the August 9, 2011 letter is attached as Exhibit C.

16. On August 7, 2014, the Decedent and Defendant Wanda Funderud entered into a Separation and Property Settlement Agreement. A true and complete copy of the Separation and Property Settlement Agreement is attached as Exhibit D.

17. On October 16, 2014, the Circuit Court for the City of Norfolk, Virginia issued a *Decree of Divorce A Vinculo Matrimonii* finalizing the Decedent's divorce from Defendant Wanda Funderud. Under the heading "Notice" the Decree of Divorce states in bold print: "Beneficiary designations for any death benefit, as defined in subsection B of § 20-111.1 of the Code of Virginia, made payable to a former spouse may or may not be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce." A true and complete copy of the Decree of Divorce is attached as Exhibit E.

18. The Decedent died on March 31, 2019. A true and complete, certified copy of the Decedent's North Carolina Death Certificate is attached as Exhibit F.

19. On May 21, 2019, Defendant Cheri Harrison was named the Executor of the Decedent's estate by the Clerk of the Circuit Court of Chesterfield County, Virginia. A true and complete copy of the Certificate / Letter of Qualification is attached hereto as Exhibit G.

20. In a Life Insurance Claim Statement dated July 9, 2019, Defendant Wanda Funderud made a claim to recover the GUL benefits payable under the Policy due to the Decedent's death. A true and complete copy of the Life Insurance Claim Statement is attached as Exhibit H.

21. Virginia Code § 20-111.1 ("Revocation of death benefits by divorce or annulment") provides:

> A. Except as otherwise provided under federal law or law of this Commonwealth, upon the entry of a decree of annulment or divorce from the bond of matrimony on and after July 1, 1993, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked. A death benefit prevented from passing to a former spouse by this section shall be paid as if the former spouse had predeceased the decedent. The payor of any death benefit shall be discharged from all liability upon payment in accordance with the terms of the contract providing for the death benefit, unless the payor receives written notice of a revocation under this section prior to payment.
>
> B. The term "death benefit" includes any payments under a life insurance contract, annuity, retirement arrangement, compensation agreement or other contract designating a beneficiary of any right, property or money in the form of a death benefit.
>
> C. This section shall not apply (i) to the extent a decree of annulment or divorce from the bond of matrimony, or a written agreement of the parties provides for a contrary result as to specific death benefits, or (ii) to any trust or any death benefit payable to or under any trust.

5

D. If this section is preempted by federal law with respect to the payment of any death benefit, a former spouse who, not for value, receives the payment of any death benefit that the former spouse is not entitled to under this section is personally liable for the amount of the payment to the person who would have been entitled to it were this section not preempted.

E. Every decree of annulment or divorce from the bond of matrimony entered on or after July 1, 2012, shall contain the following notice in conspicuous, bold print:

Beneficiary designations for any death benefit, as defined in subsection B of § 20-111.1 of the Code of Virginia, made payable to a former spouse may or may not be automatically revoked by operation of law upon the entry of a final decree of annulment or divorce. If a party intends to revoke any beneficiary designation made payable to a former spouse following the annulment or divorce, the party is responsible for following any and all instructions to change such beneficiary designation given by the provider of the death benefit. Otherwise, existing beneficiary designations may remain in full force and effect after the entry of a final decree of annulment or divorce.

22. Neither the Divorce Decree nor the Separation and Property Settlement Agreement addresses how the Decedent's death benefits should be paid or provide for a result contrary to § 20-111.1 of the Code of Virginia.

23. Connecticut General cannot determine the proper beneficiary or beneficiaries of the GUL benefits without risking exposure of itself and Altria to multiple vexation, multiple litigation, and/or multiple liability.

24. First, it is unclear from the Decedent's hand-written letter dated August 9, 2011, whether the Decedent wished to (a) name Defendant Wanda Funderud as his sole beneficiary, or (b) name Defendant Wanda Funderud as his primary beneficiary, while leaving Defendants Joshua, Jamison, and Jordan Funderud as his contingent beneficiaries.

25. Second, if § 20-111.1 of the Code of Virginia applies, Defendant Wanda Funderud's designation as either the sole or primary beneficiary of the GUL benefits is revoked as a matter of law.

26. Third, if § 20-111.1 of the Code of Virginia applies and Defendant Wanda Funderud's designation as either the sole or primary beneficiary of the GUL benefits is revoked as a matter of law, it is not clear whether the GUL benefits should be (a) paid to Defendants Joshua, Jamison, and Jordan Funderud as the Decedent's contingent beneficiaries or (b) paid to Defendant Cheri Harrison as the Executor of the Decedent's estate because there is no designated beneficiary.

27. Connecticut General is a disinterested stakeholder, whose sole interest in the GUL benefits is determining the appropriate beneficiary(ies), and to recover its attorneys' fees and costs of this action. Connecticut General therefore requests that this Court determine to whom the GUL benefits should be paid.

28. Connecticut General is ready, willing and able to pay the GUL benefits, in accordance with the terms of the Policy, in such amounts and to whichever Defendant or Defendants the Court shall designate.

29. Connecticut General will deposit into the Registry of the Court the GUL benefits, plus any applicable interest due and owing under the terms of the Policy, for disbursement in accordance with the Judgment of the Court.

WHEREFORE, Connecticut General demands judgment as follows:

(i) Restraining and enjoining Defendants by Order and Injunction of this Court from instituting any action or proceeding in any state or United States court or any administrative agency against Connecticut General or Altria for recovery of the GUL benefits, plus any applicable interest by reason of the death of the Decedent;

(ii) Requiring that Defendants litigate or settle and agree between themselves their claims for the GUL benefits, or upon failure to do so, that this Court settle and adjust their claims and determine to whom the GUL benefits, plus any applicable interest, should be paid;

(iii) Permitting Connecticut General to pay into the Registry of the Court the GUL benefits, plus any applicable interest;

(iv) Dismissing Connecticut General with prejudice from this action and discharging Connecticut General and Altria from any further liability upon payment of the GUL benefits, plus any applicable interest into the Registry of this Court, or as otherwise directed by this Court;

(v) Awarding Connecticut General its costs and attorneys' fees; and

(vi) Awarding Connecticut General such other and further relief as this Court deems just, equitable and proper.

Respectfully submitted this 7th day of February, 2020.

          WOMBLE BOND DICKINSON (US) LLP

          /s/ *Gemma L. Saluta*

          Elizabeth J. Bondurant, N.C. State Bar No. 12447
          271 17th Street, NW
          Atlanta, GA 30363-1017
          Telephone: (404) 872-7000
          Facsimile: (404) 888-7490
          Email: Lisa.Bondurant@wbd-us.com

          Gemma L. Saluta, N.C. State Bar No. 37032
          One West Fourth Street
          Winston-Salem, NC 27101
          Telephone: (336) 721-3600
          Facsimile: 336) 721-3660
          Email: Gemma.Saluta@wbd-us.com

          *Counsel for Connecticut General Life Insurance Company*